UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EUBANKS, as
next friend of his minor son S.P.,

       Plaintiff,                   Case No. 1:22-cv-

vs.

MASON ADKINS,
individually,

       Defendants.

William F. Piper (P38636)
William F. Piper, PLC.
**Attorney for Plaintiff**
1611 W. Centre Ave., Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## COMPLAINT

The plaintiff, James Eubanks, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    The plaintiff James Eubanks is an adult male who lives in the City of Muskegon, County of Muskegon, State of Michigan, at all times relevant to this complaint

2.    The plaintiff is the legal guardian of the minor child S.P., who was born in October 2004.

1

3. The defendant Mason Adkins was an officer with the Muskegon Police Department at all time relevant to this complaint.

4. The events complained above were committed by the defendant under color of state law, but not under a legitimate exercise of governmental authority, in Muskegon County.

5. Jurisdiction of this case arises under 28 U.S.C. §1331, and 28 U.S.C. §1343.

6. The claims in this case arise under 42 U.S.C. § 1983.

7. Certain of the claims alleged herein arise under the supplemental jurisdiction of this court to hear and decide state law claims arising under the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. On July 2, 2021, between 10:00 p.m. and 10:30 p.m., S.P. was driving home from his employment at Walmart.

10. S.P. sped up on his drive home because he had noticed that someone was chasing him in a non-police vehicle.

11. The defendant pulled S.P. over at the corner of Getty and Marquette streets.

12. The defendant Officer Adkins then ordered S.P. out of the car, and S.P. complied.

13. The defendant Adkins did not tell S.P. why he had pulled him over.

14. The defendant Adkins then handcuffed S.P. outside of the car he had been driving.

15. The defendant Adkins then asked S.P. why he had been driving so fast.

16. S.P. then explained that another driver had been chasing him and that the driver had tried to run him off the road.

17. S.P., after the defendant had looked at his wallet that he had withdrawn from S.P.'s pocket, and presumably, had discovered that he was a minor, asked if he could call his parents.

18. The defendant Adkins told S.P. "no".

19. The defendant Adkins then asked S.P. if he could look in the car.

20. S.P. said "yes" in response to the ambiguous question, not expecting a search of it.

21. Two other officers then approached the scene.

22. S.P., in response to the defendant, told Adkins that he had been chased and that the other driver had attempted to run him off the road.

23. S.P. heard Officer Adkins say "he is recording us".

24. The officers then proceeded to search the vehicle S.P. had been driving, finding nothing inculpatory.

25. S.P. mentioned that he had been driving home from work, and Officer Adkins said "I find that hard to believe".

26. The defendant Adkins then told S.P. that he could take him to jail tonight but would write him up for speeding instead, and he did so.

27. S.P. told the defendant that the handcuffs were too tight, and he asked him to loosen them, but the defendant refused.

28. A magistrate eventually dismissed the speeding ticket.

29. As a result of the events described above S.P. suffered and will continue to suffer a loss of liberty, inconvenience, humiliation, emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I – VIOLATIONS OF 42 U.S.C. § 1983

30. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-29 of this complaint.

31. The defendant violated S.P.'s clearly established constitutional rights by detaining him and arresting him without reasonable or probable cause, questioning him in custody while denying him his right to speak to a parent, and searching the car he had been driving without valid consent and not pursuant to a valid arrest.

32. The defendant's conduct clearly violated established constitutional rights of S.P. under the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States.

33. The defendant could not reasonably have believed that he was within the constitutional limitations on the exercise of his authority by doing the things to S.P. that he had done as described above.

34. As a result of the unconstitutional actions of Officer Adkins described above, S.P. suffered and will continue to suffer the damages described above.

35. These claims are actionable under 62 § USC § 1983.

WHEREFORE: the plaintiff request a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys fees under 42 USC § 1988, and any other relief this court teams fair and just.

## COUNT II – INTENTIONAL TORTS

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-35 of this complaint.

37. The actions described above by the defendant Adkins constitute an unlawful arrest, false imprisonment, and battery.

38. As a result of these unlawful intentional acts, S.P. has suffered and will continue to suffer the damages set forth above.

WHEREFORE: the plaintiff requested a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus all recoverable interest, costs, attorneys fees, and any other relief this court teams fair and just.

Dated: June 28 , 2022            WILLIAM F. PIPER, PLC.
                                          Attorney for Plaintiff

                                 By:   /s/ William F. Piper
                                       William F. Piper (P38636)
                                 BUSINESS ADDRESS:
                                       1611 West Centre Ave., Ste 209
                                       Portage, Michigan 49024
                                       Phone: 269.321.5008
                                       Fax: 269.321.5009